Good morning, your honors. Michael Confusio for the appellant. It's a very simple appeal. We're asking the court to remand for an evidentiary hearing on this question of the collection of the judgment by the Plaintiff's counsel and whether or not the judgment was properly satisfied. We submit... What is your... Has your client... Is your client asserting that the judgment was improper in the amount that was noted in the judgment? Well, I think if you look at his... You can answer that yes or no, and then we can talk about what you want to say. You mean, your honor, like the total amount, the 930? Right. Is he contesting that amount, or is the company contesting that amount? I think that he is, based on the way I look at it, and here's why. I am trying to answer your honor's question, but he filed a pro se. So when I looked at it, he essentially says, if you look at his materials, that he believes the Plaintiff's counsel essentially collected a fee on the amounts paid out to the nurses and then also took his own fee from the amount that he levied on. So if you look even on page 5... And he cares about that. Why? Well, I guess his argument is that if the Plaintiff's counsel took more of a, you know, basically took more of the overall judgment in the case, I think some of the claim was for attorney's fees. I think his argument is that the overall judgment amount should have been less, essentially that my client paid more than he really should have. But your client did not appeal the judgment. Well, he did, and this Court affirmed it, and that was a long time ago. My misstatement. Yeah. He had his day in court on an appeal of the judgment. I agree with you on that. All right. And he didn't assert that it was somehow improperly noted as to the amount of attorney's fees and the amount of the judgment actually as damages owed to the Plaintiffs? Agreed. He didn't say that then. I don't know if he knew the facts he asserted in his motion below, but I agree with your honor on that. Is this an assertion of fraud? I mean, based, again, based on my reading of the pro se papers he filed, I think it is. So why wouldn't that more properly have been brought as a Rule 60 motion to have the district court do something about that, the alleged fraud or hypothetical fraud having been discovered? Rather than a motion for sanctions or? Yeah. Your Honor might be right on that. If you ruled that, then obviously you would say that this motion wasn't properly, you know, brought in the first place. The motion for sanctions. The motion for sanctions. Which is what we're here. Which is really what we're here for. I think part of the problem, Your Honor, and I understand that there is certainly some issues of standing, and I know that my adversary has raised that. I think the standing issue is probably fairly thin from my client's standpoint as far as whether he has standing. The only thing I would say on the standing issue is the district court and the magistrate court proceeded on the ground that they had the authority that was within their jurisdiction to make sure the judgments were properly satisfied. So I think to me, you know, the court of appeals really should look at the manner in which the district court and magistrate court resolve the issue and then see if they resolve the issue properly. Yes, but we do have to examine standing just for purposes of our jurisdiction. Well, for the purposes of federal jurisdiction, not our jurisdiction. I totally agree, Your Honor. And look, if the court looks at this record and says we don't think that the appellant had standing below, then obviously the rest of the arguments I've made would go away. So I acknowledge that from a legal standpoint. My only argument is that standing is a requirement, but the courts below found that he had standing, and I think if you look at his submission and his, admittedly a pro se allegation, but his double dipping, which I think his attorney at one point tried to explain. There was an attorney that came in below. It wasn't me. His argument about double dipping I think is enough to give him standing in terms of the motion that was filed below. And then again, really the only thing I'm focused on is. What is his injury? What is his injury? Yes, to create the standing. Well, I think his argument is that the total judgment really should have been less. But that's not the argument. The argument is that the attorneys took monies that belonged to class members or collective action members. Yes. That's true. And on that ground you're saying maybe he doesn't have an injury in fact. And the only answer I have to that argument, which I acknowledge is in the case, is if I think that there's enough of an injury in fact for him because he was the defendant under the judgment. He made the, and it was a satisfaction of judgment issue, and although he styled it as a motion for sanctions, I think the district court as it recognized, and the magistrate judge, have enough there to then go ahead and look at the merits of what the man presented below. But I. Didn't the magistrate judge, with regard to what you just said, didn't the magistrate judge go through and look at the disbursement and determine that there was no problem? Yeah. The magistrate did do that. And I think my narrow argument here is that there was a factual dispute because some of the nurses submitted affidavits that said, well, I didn't get the money that the plaintiff's lawyer said I got. Okay. Now, I don't know if that's true or not, but the fact that those nurses submitted those affidavits, the magistrate judge resolved that in an in-camera review and just said, well, I think it's been cleared up. I think if you look at the magistrate's opinion on 24 of the appendix, she said it's dispelled any concern. She looked at it. I think that should have been done in open court. And I think that the defendant, my client here on appeal, should have had some opportunity for cross-examination. It should have been done on a proper evidentiary basis. And that's really the narrowness of my argument here. It's not really about the substance. It's about the manner in which it was resolved below. And I think the court should, you know, if it gets past the standing issue, obviously, which I know is a concern to the court, I think that it should go back for a short evidentiary hearing on this narrow issue that I've raised in the appeal. Didn't the magistrate judge give the nurses an opportunity to appear in person? The affluent nurses, Your Honor? Yeah. I think that she did give them an opportunity to appear. But they weren't really under the control of my client, the appellant. So my argument is that the in-camera part of what the magistrate judge did was procedurally improper. That should have been done in open court with opportunity for cross-examination of whoever appeared as a witness at the hearing. And did those argue? Wouldn't the hearing progress in the following manner? Judge Goh would open court and your client would then be entitled and would have to, your client bearing the burden, would have to call the nurses. Isn't that what would have happened? You heard the question. I think so. I think I did, Your Honor. If it proceeded in open court, wouldn't your client then have the obligation, if he wanted the nurses there, have the obligation to call them as witnesses? Yes, he would. He would have that obligation. But again, the fact that the magistrate conducted her review of some of the materials in-camera, that was connected, I think, to my argument that it wasn't done properly. It should have been done in open court. You say it was done in-camera, but you were allowed to see the documents, or your client was allowed to see the documents that the magistrate judge examined. It really wasn't in-camera. I'm not sure of the answer to that, Your Honor. I would assume that, yes, that my client was able to see the materials, but I don't know if the record clarifies that or not. I'm sorry. And was there a request by your client for the nurses to testify? Did he say he wanted to subpoena them? Yeah, that there was. I mean, the one clear objection that, and I think a related issue is the standard of review the district court conducted of the magistrate's report, but the one objection that my client did make clearly below was that he felt they should have been testifying at an open hearing with cross-examination. He did clearly raise that as his objection in both the magistrate court and the district court. Under cross-examination? By whom? I guess, Your Honor, it would be a witness presented probably, you're right, by the defendant below subject to cross-examination by the plaintiff's lawyer. But, in other words, an open court testimony with the right of examination before the fact-finding magistrate judge. Okay, I've got your argument. Thank you, Mr. Confucione.  You've reserved two minutes for rebuttal. Mr. Bernstein. Good morning, Your Honors. Jonathan Bernstein for the Plaintiff Appellee Nurses. May it please the Court. In the appellee's brief, we raised three issues, the defendant appellant's lack of standing to raise these issues on appeal, that a motion for sanctions can be decided on papers without need of an evidentiary hearing, and whether appellants waived these arguments by not raising them in the court below. In reply, appellant's counsel has responded that essentially what he has today, which is there is standing because there is jurisdiction. He's conceded that a motion can be decided on papers, but he contends without authority that it was a he thinks it was a bad idea in this case, and he said nothing at all about the waiver below. I'd like to briefly address all three of those issues. As to standing, the court below did address standing. The court did not decide that Mr. Dorvillier had standing. The court stated explicitly that it overlooked his lack of standing to raise these issues because of the gravity of the issue, and then the court went on, the magistrate went on, and the district judge approved her report and recommendation. The magistrate went on to assert sua sponte the court's ancillary jurisdiction to police the enforcement of its own judgments. But at no time did the magistrate or district judge Garifas say that Mr. Dorvillier had standing to raise these issues. In any event, injury in fact, as Your Honors observed a moment ago, is a part of the irreducible constitutional minimum without which a court lacks the power to hear the case. The appellant cites no case for the proposition suggested in its brief that standing may be waived by a litigant, as it asserts that we did. In fact, the Supreme Court says that standing may be asserted at any point in the litigation, and this Court has stated many times that it reviews standing de novo. Now, the appellant says we raised it ourselves if it hasn't been raised and we have a concern. Quite so, Your Honor. Now, Harry's alleges in its opening brief that the standard on this appeal is abuse of discretion. In the appellee's brief, we pointed out that under Federal Civil Procedure 78b, a court can decide a motion on papers, and in fact, that it's quite common and has been universally approved by appellate courts. In its reply brief, the appellant concedes that a district court may do so, but it contends that in this case it ought not to have done so. In other words, they say it was a bad idea, but they don't say it was an abuse of discretion, let alone cite any authority for the proposition that it was an abuse of discretion. In any case, it was not a bad idea because the magistrate spent nearly a year inspecting the records of my former law firm's trust account. She reviewed the fronts and the backs of substantially all of the checks. There were a few missing? Yes, there were a couple missing. I inquired of the bank. The bank did not timely respond. Indeed, it never responded. Do you have access to the checks in the bank records? Your Honor, are you addressing me, appellee's counsel? You're a lawyer. Yes. Yes, we obtained the records from the bank. The statement contains a photocopy of the checks. Do you know whether the movement had access to them? I'm sorry, Your Honor. I don't understand. Can someone please repeat the question? Who had access? Do you know whether the movement, the party making the motion, had access to the checks? I submitted the checks to Magistrate Judge Goh in camera. That was at my request because I contended, and Magistrate Judge Goh agreed, that Mr. Dorvillier had no right to examine the checks. So the appellant has not actually seen the checks. He did not have an opportunity to argue that the judge was wrong. That the judgment was what, sir? Wrong. Well, he argued that the judgment was wrong in this court back in 2014. Well, I mean, we have findings by the magistrate judge based on evidence the other party doesn't see. I'm sorry, Your Honor. Based on what? He had, I think Judge Winter, well, I know Judge Winter is saying that he had arguments or access and the magistrate judge made a determination based on documents that the other side had not seen. That is correct. I would add that in his objections to the magistrate judge's report and recommendation below, he didn't say a word on the subject. All right. So that was not preserved, arguably. That is my position, yes. As the matter went up before Judge Garifas. Correct, Your Honor. Okay. In any event, do you recall how many checks, I know it's in the record, but just for our edification here, how many of the checks weren't available as part of what was obtained from the bank? Two or three, and none of those two or three checks were issued to any of the nurses who, from whom Mr. Jovillier procured affidavits. Okay. And in any event, the amount of the check was recorded in the bank records registers that were provided. It's just the copies of the checks front and back weren't available. That is correct, Your Honor. Anything else, Mr. Bernstein? Yes, Your Honor. For the record, I would like to reiterate that I deny the double-dipping allegations. I remitted to my clients the full amounts of the judgments to which they were entitled. I did not accept a contingency in this case. I accepted only the court-awarded attorney's fees, which were, of course, subject to review by Judges Goh and Garofis below several years ago. In its reply, the appellant, by the way, does admit that Yolanda Robinson's affidavit notes that she received two checks, but the brief misstates the amount of the checks that she received. The second check was for $141,200, not $14,200, as stated in the brief. And the affidavit is on the record at page 90. Thank you, Your Honors. Thank you very much. Mr. Confucian, you've reserved two minutes for rebuttal. Unless the Court has further questions of me, I think the Court perfectly understands the issues and I would rely on the arguments I've already made. Judge Whitter, anything further? No, I don't. All right. Thank you. Thank you, Your Honors. Thank you both. We'll reserve decision in this matter.